**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANGELA ISABEL PORTER,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:25-cv-08071

Judge John J. Tharp, Jr.

Magistrate Judge Laura K. McNally

**MOTION TO MODIFY CONSENT JUDGMENT**

Plaintiff, Angela Isabel Porter ("Plaintiff"), respectfully moves the Court to modify the Consent Judgment entered on August 18, 2026 [73] against Defendant Nos. 26 TOHOMA et al.[1] (collectively, the "Defendants"), for the single purpose of correcting the corporate name of the non-party e-commerce platform that the Consent Judgment orders to transfer the settlement funds to Plaintiff. A redline version of the proposed Corrected Consent Judgment is attached hereto as

[1] "Defendants" include Defendant Nos. 26 TOHOMA, 27 Funny Home Decor Gift, 33 Popular Arts, 34 Echoes on Canvas, 35 ZOEY WALL ART, 36 Elysian Gallery NB, 37 JH WAII ART, 38 wonderful poster, 43 RS ART PAINTING, 44 LIBERATY ART, 45 GREAT ARTISTE, 46 Mind Art, 50 Canvas Wonder, 52 WaLLICA, 54 BkFuture, 57 great poster, 58 OHIGOU, 59 Golden Retrieve, 60 AMVRAIN, 61 HDE Art Painting, 62 HHW Art Painting, 65 Oil Painting Arts, 67 Artisans Touch, 68 Decorate Dreams, 70 Your Art Haven, 71 Ranche shop, 72 Canvas Classics One, 73 NB poster, 74 LGYING ART, 75 LLX ART, 76 LCR ART, 83 LWT ART, 84 LYL ART, 85 Artistry Haven, 90 Freedom Wall Art, 91 CHEN JIN HUA, 92 Long zhen zhu, 93 YF Art Painting, 94 ZHW Wall Art, 95 HDL CANVAS ART, 96 HW WALL ART, 97 GUAN MING local one, 100 Jialingone local, 104 LJ poster, 105 ANTIPY, 106 RENZI WALL ART, 111 amiao Wall Art, 116 poster draw, 117 Wall Painting Art, 118 Canvas Classic Art, 121 Yally Wall Art, 122 Gummybear Wall Art, 123 Renaissance Rewind, 124 Canvas Classics, 125 Yangguan Poster, 126 Excellent Artist, 127 chic poster, 129 DANIFY, 131 WKB ART, 134 skt poster, 140 Wonderful unique poster, 142 BJHG Mall, 144 Thebester, 145 Artful Livin Wall Wonders Aesthetic Haven, 151 posters ONE, 153 EXCELLENTess, 154 Nice Poster House, 155 Majestic poster, 156 CJ Art House, 158 Artistlifehappy, 161 Beautiful poster style, 162 DRAW DREAMS, 163 JIAKE WALL ART, 164 Color Poster, 165 Top selling oil painting, 166 Vivid Prints, 167 apple poster, 168 TREASUER ILAND, 170 Beautiful poster house, 173 Thedistance poster, 175 OK poster, 176 poster good, 177 Beautiful flowers means love, 178 super oil painting, 179 Oil Painting Housez, 180 GOODJOB SHOP, 181 Artistic Impressions Posters, 183 Oil Painting Arter, 184 The House of Poster Art, 185 Ziping oil painting shop, 186 Decorative painting girl, 187 Printing canvas painting, 188 Oil painting lll, 189 Colorful Vision poster, 190 Canvas paintin one, 191 The home of super oil paintings, and 192 A painting worth appreciating.

Exhibit A, and a clean version has been submitted to the Court's proposed order inbox. In support, Plaintiff states as follows:

The Consent Judgment awards Plaintiff seventy-two thousand seven hundred fifty dollars ($72,750) in damages and orders the e-commerce platform holding Defendants' seller-account funds to transfer that sum to Plaintiff within seven calendar days of receipt of the Order. [73 ¶ 3]. It identifies that platform as "Temu LLC." The correct corporate name, however, is Whaleco, Inc. d/b/a Temu. The misnomer has stalled payment. The platform has advised Plaintiff's counsel that it will not process the transfer the Consent Judgment directs unless the entity ordered to act is identified in the Court's order as Whaleco, Inc. d/b/a Temu rather than Temu LLC.

Rule 60(a) exists for precisely this. The Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," and "may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). "Such clerical mistakes include the inadvertent mislabelling of a party's name." *Chrysler Credit Corp. v. Anthony Dodge, Inc.*, No. 92 C 5273, 1996 WL 509888, at *4 (N.D. Ill. Sept. 4, 1996); *see PacifiCorp Capital, Inc. v. Hansen Props.*, 161 F.R.D. 285, 287 (S.D.N.Y. 1995) ("By this time, it is plain that misnomers with respect to parties may be corrected pursuant to this Rule.").

What the Court adjudicated is untouched. A Rule 60(a) correction "changes nothing of substance but is used to restore the original meaning of the judgment," *Grunt Style LLC v. TWD, LLC*, 140 F.4th 839, 849 (7th Cir. 2025), and that is all the requested correction does: the Damage Amount, the findings of personal jurisdiction and copyright liability, the permanent injunction, the Court's retention of jurisdiction, and Plaintiff's entitlement to reasonable attorneys' fees and costs incurred in enforcement all stand precisely as entered.

Neither the entry of the Consent Judgment nor the closure of this action bars relief. Rule 60(a) fixes no deadline, and "when the error is 'clerical' the time of correction does not matter." *United States v. Griffin*, 782 F.2d 1393, 1398 (7th Cir. 1986). The Seventh Circuit has ordered technical repairs to a judgment seventeen years after its entry, observing that "[t]echnical repair work may be done at any time" and that "[s]lips of the judicial pen ought not cost litigants their substantive rights." *TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 679 (7th Cir. 2003). A correction under the rule operates *nunc pro tunc*, relating back to the original entry. *Grunt Style*, 140 F.4th at 848.

Plaintiff therefore respectfully requests that the Court modify the Consent Judgment [73] and enter the proposed Corrected Consent Judgment attached hereto as Exhibit A, which identifies the entity ordered to transfer the Damage Amount as Whaleco, Inc. d/b/a Temu rather than Temu LLC, and leaves the Consent Judgment otherwise unchanged.

DATED: September 3, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on September 3, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys and parties of record.

*/s/ Keith A. Vogt*
Keith A. Vogt